1  MICHELE J. BEILKE (State Bar No. 194098)
   mbeilke@huntonAK.com
2  JULIA Y. TRANKIEM (State Bar No. 228666)
   jtrankiem@huntonAK.com
3  HUNTON ANDREWS KURTH LLP
   550 South Hope Street, Suite 2000
4  Los Angeles, California 90071-2627
   Telephone: 213 • 532 • 2000
5  Facsimile: 213 • 532 • 2020

6  JENNIFER A. REITH (State Bar No. 309470)
   jreith@huntonAK.com
7  HUNTON ANDREWS KURTH LLP
   50 California Street, Suite 1700
8  San Francisco, California 94111-4604
   Telephone: 415 • 975 • 3700
9  Facsimile: 415 • 975 • 3701

10 Attorneys for Defendant
   ALERE HOME MONITORING, INC.

11

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071**

12                    **UNITED STATES DISTRICT COURT**

13                    **NORTHERN DISTRICT OF CALIFORNIA**

14

15 | YVONNE GOODEN, individually, and on behalf | Case No.:    3:20-cv-00369
   of other members of the general public similarly
16 situated;                                         | [Removed from Alameda County Superior Court
                                                      | Case No. RG19046892]
17          Plaintiff,

           v.                                          | **DEFENDANT ALERE HOME**
18                                                     | **MONITORING, INC.'S NOTICE OF**
                                                       | **REMOVAL TO FEDERAL COURT**
19 ALERE HOME MONITORING, INC., a               | **PURSUANT TO 28 U.S.C. §§ 1332, 1446,**
   Delaware corporation; and DOES 1 through 100,  | **AND 1453**
20 inclusive;

21          Defendants.                               | [*Civil Cover Sheet; Declaration of Ann*
                                                       | *Johnston; Corporate Disclosure Statement;*
22                                                     | *Certification of Interested Entities or Persons;*
                                                       | *and Certificate of Service Filed Concurrently*
23                                                     | *Herewith*]

24                                                     | Complaint Filed: December 13, 2019

25

26

27

28

                          DEFENDANT'S NOTICE OF REMOVAL

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071**

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

2    **DISTRICT OF CALIFORNIA:**

3        **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness

4    Act of 2005), 1446, and 1453, Defendant Alere Home Monitoring, Inc. ("Alere" or "Defendant")

5    hereby removes the action filed by Yvonne Gooden ("Plaintiff") in the Superior Court of the State of

6    California, County of Alameda, and captioned Case No. RG19046892, to the United States District

7    Court for the Northern District of California.  In support thereof, Defendant states as follows:

8                          **I.        JURISDICTION AND VENUE**

9        1.        *Jurisdiction*.  Removal is proper under 28 U.S.C. §§ 1446, and 1453 because the above-

10    captioned action is a civil action that satisfies the requirements of the Class Action Fairness Act of

11    2005 ("CAFA"), codified in part in 28 U.S.C. § 1332(d).  Under Title 28 of the United States Code §

12    1332(d)(2), the federal district courts have original jurisdiction of all class actions where any member

13    of a class of plaintiffs is a citizen of a state different from any defendant and the amount in controversy

14    exceeds the sum or value of $5,000,000.  As demonstrated below, there is diversity of citizenship

15    between a member of a class of plaintiffs and the defendant, and the amount in controversy exceeds

16    $5,000,000. Accordingly, this Action is properly removed to the United States District Court for the

17    Northern District of California.

18        2.        This Court is in the judicial district embracing the place where the state court case was

19    brought and is pending.  Specifically, the United States District Court for the Northern District of

20    California embraces Alameda County.  Thus, this Court is the district to which this case is properly

21    removed.  *See* 28 U.S.C. § 1446(a).

22        3.        *Intradistrict Assignment*.  Pursuant to Local Rules 3-2 and 3-5(b), this case is properly

23    assigned to the San Francisco Division or Oakland Division.  L.R. 3-2(d) ("Except as provided in Civil

24    L.R. 3-2(c), all civil actions which arise in the counties of Alameda, Contra Costa, Marin, Napa, San

25    Francisco, San Mateo or Sonoma shall be assigned to the San Francisco Division or the Oakland

26    Division.").

27

28

                                          1
                          DEFENDANT'S NOTICE OF REMOVAL

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.    THE ACTION, TIMELINESS, AND NOTICE OF REMOVAL

4.    On December 13, 2019, Plaintiff Yvonne Gooden, purportedly on behalf of herself and all other members of the general public similarly situated, filed a Class Action Complaint against Defendant Alere Home Monitoring, Inc., which is currently pending in the Superior Court for the State of California, County of Alameda, as Case No. RG19046892, *Yvonne Gooden v. Alere Home Monitoring, Inc.* (the "State Court Action").

5.    On December 17, 2019, Alere was served with the Summons and Complaint ("Complaint") for the State Court Action.

6.    Pursuant to 28 U.S.C. § 1446(b)(1), Alere's Notice of Removal is timely because it is filed within 30 days of the date of service.

7.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Alere, which papers include the Summons and Complaint, are attached hereto as **Exhibit A**.

8.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court for the State of California, County of Alameda.

## III.    NOTICE OF INTERESTED PARTIES

9.    Pursuant to Local Rule 3-15, Alere is filing a Certification of Interested Entities or Persons concurrently with this Notice of Removal.

## IV.    CAFA JURISDICTION

10.    This Court has original jurisdiction of this action under CAFA.  28 U.S.C. §§ 1332(d)(2) and (5) provide that a district court shall have original jurisdiction over a class action with 100 or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000.  Section 1332(d)(2) further provides that any member of the putative class must be a citizen of a state different from any defendant.

11.    As set forth below, pursuant to 28 U.S.C. §§ 1441 and 1453, Alere may remove the State Court Action to federal court under CAFA because: (i) members of the putative class are citizens of a state different from Defendants; (ii) this action is pled as a class action and involves more than 100

DEFENDANT'S NOTICE OF REMOVAL

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071**

1  putative class members; and (iii) the amount in controversy, in the aggregate, exceeds the sum or value

2  of $5,000,000, exclusive of interest and costs.

3  **A.    Minimal Diversity Of Citizenship Is Met.**

4       12.    Minimal diversity of citizenship is met when "any member of a class of plaintiffs is a

5  citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

6       13.    Plaintiff is a citizen of the State of California because she is domiciled in that state.  As

7  alleged in the Complaint, Plaintiff "is an individual residing in the State of California."  Compl. ¶ 5.[1]

8  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v.*

9  *Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  Accordingly, Plaintiff is a citizen of

10 the State of California.

11      14.    Defendant Alere Home Monitoring, Inc. ("Alere") is a citizen of Delaware and Illinois,

12 and not a citizen of California.  Alere is, and was at the time of filing of this State Court Action, a

13 corporation organized and existing under the laws of the State of Delaware.  Compl. ¶ 6.  The phrase

14 "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-

15 level officers direct, control, and coordinate the corporation's activities, i.e., its "nerve center," which

16 typically will be found at its corporate headquarters.  *Hertz Corp. v. Friend*, 559 U.S. 77, 95–96

17 (2010).  According to the Statement of Information filed with the Secretary of State, Alere's principal

18 executive office is, and was at the time of filing of this State Court Action, located in Illinois.  *See*

19 Statement of Information attached as **Exhibit B**, hereto.  Thus, for removal purposes, Alere is a citizen

20 of Delaware and Illinois, not California.  *See* 28 U.S.C. § 1332(c)(1).

21      15.    Thus, Alere satisfies the minimal diversity of citizenship required by CAFA, inasmuch

22 as Plaintiff (who is a member of the putative class) is a citizen of California, and Alere is not a citizen

23 of California.[2]  *See* 28 U.S.C. § 1332(d)(2).

24

25 [1]  In addition, Alere "employed Plaintiff … in the State of California."  Compl. ¶ 17.  *See also*
Declaration of Ann Johnston ¶ 3(e) (Gooden's home address throughout her employment with
26 Defendant was located in Pittsburg, California).

27 [2]  Although Plaintiff has also named fictitious defendants "DOES 1 through 100," 28 U.S.C. § 1441(b)
provides, "the citizenship of defendants sued under fictitious names shall be disregarded."  *See also*
28 *Soliman v. Philip Morris Inc*., 311 F.3d 966, 971 (9th Cir. 2002); *Fristos v. Reynolds Metals Co.,* 615 F.2d

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

**B.     The Size Of The Putative Class Exceeds 100 Members**

16.     Plaintiff filed the State Court Action as a putative class action.  Plaintiff identifies the putative class as consisting of: "All current and former California-based (*i.e.*, currently 'residing' in California with the intent to remain in California indefinitely) hourly-paid or non-exempt employees (whether hired directly or through a labor contractor or staffing agency) of Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment."  Compl. ¶ 12.  Four years prior to Plaintiff's filing of the Complaint is December 13, 2015.  Between December 14, 2015 and the present (the "Class Period"), Alere employed in excess of 100 non-exempt employees in California.  Johnston Decl. ¶ 3(a).  This is sufficient to satisfy CAFA's class size requirement of at least 100 putative class members.  During the same time period, the putative class members worked approximately 34,902 workweeks and earned an average hourly rate of $19.13.  *Id.* at ¶ 3(c).

**C.     The Amount In Controversy Under CAFA Exceeds $5,000,000.**

17.     Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement.  Here, that amount is $5,000,000, in the aggregate.  *See, e.g., Cohn v. PetsMart, Inc*., 281 F.3d 837, 839-40 (9th Cir. 2002).

18.     To satisfy the amount in controversy requirement under CAFA, a defendant need only plausibly allege that the amount in controversy exceeds $5 million.  *Dart Cherokee Basin Operating Co., LLC v. Owen*, 574 U.S. 81, 84 (2014) ("To assert the amount in controversy adequately in the removal … it suffice[s] to allege the requisite amount plausibly."); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013).  When removing an action pursuant to CAFA, a defendant's notice of removal need not contain evidentiary submissions, but need only make plausible allegations of jurisdictional elements and when responding to a challenge to the jurisdictional allegations, a defendant's showing may rely on reasonable assumptions.  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (vacating and remanding *sua sponte* remand by district court and

1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

1    decrying "remnants of [the Ninth Circuit's] former antiremoval presumption [which] seem to persist").

2        19.    Without conceding that Plaintiff or the putative class members are entitled to or could

3    recover damages in the amount or manner alleged, or at all, the amount in controversy in this putative

4    class action far exceeds $5,000,000, exclusive of interest and costs.[3]  As set forth below, using

5    conservative estimates with respect to only three (3) of the eight (8) causes of action, the amount in

6    controversy is **$5,007,738.96**.

7        a.    *Failure to Provide Meal Periods.*  Plaintiff alleges that "[a]s a pattern and

8    practice during the relevant time period,"

9        "Plaintiff and the other class members who were scheduled to work for a period of time

10       no longer than six (6) hours, and who did not waive their legally-mandated meal

11       periods by mutual consent, were required to work for periods longer than five (5) hours

12       without an uninterrupted meal period of not less than thirty (30) minutes and/or without

13       a rest period" (Compl. ¶ 57); and

14       "Plaintiff and the other class members who were scheduled to work for a period of time

15       in excess of six (6) hours were required to work for periods longer than five (5) hours

16       without an uninterrupted meal period of not less than thirty (30) minutes and/or without

17       a rest period."  Compl. ¶ 58; *see also* Compl. ¶ 36.

18   Where, as here, a plaintiff alleges a pattern and practice of failing to provide meal periods, a defendant

19   may conservatively assume a 60% violation rate for the purpose of calculating the amount in

20   controversy of a meal period claim.  *See, e.g., Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D.

21   Cal. 2018) (holding where Plaintiff alleged a "policy and practice" of meal period violations,

22   "Defendant conservatively assumed the putative class members were not provided three of five meal

23   periods . . . they were entitled to receive each work week, even though assumption of a 100 percent

24   violation rate may have been reasonable based on the allegations in the Complaint"); *Navarro v.*

25

---

26   [3] This Notice should not be construed as evidence that Alere violated the legal rights of Plaintiff or any
members of Plaintiff's purported class or as an admission by Alere as to the scope of the putative class,
27   liability or damages.  The argument and calculations of potential damages presented here are based on the
allegations in the Complaint and should be used solely for purposes of this Notice.
28

DEFENDANT'S NOTICE OF REMOVAL

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

*Servisair, LLC,* C 08–02716 XIHP, 2008 WL 3842984, at \*9 (N.D. Cal. Aug. 14, 2008) (assuming three weekly meal period violations was reasonable where the plaintiff "[did] not limit his claim by stating that only a certain number of hours went uncompensated").   A conservative estimate for this claim is **$2,003,025.78**.  Assuming a 60% violation rate per putative class member per week (*i.e.* three (3) non-compliant meal periods per putative class member per week), this figure is arrived at by multiplying 34,902 workweeks by 3 hours of premium pay at the average hourly rate of $19.13 (*i.e.*, $19.13 per hour x 3 hours x 34,902 workweeks).  *See* Johnston Decl. ¶ 3(c) (putative class members worked approximately 34,902 workweeks during the Class Period, and earned an average rate of $19.13 per hour).

            b.      *Failure to Provide Rest Periods.*  Plaintiff alleges that "[a]s a pattern and practice during the relevant time period set forth herein, Defendants required Plaintiff and the other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked."  Compl. ¶ 69; *see also* Compl. ¶ 36.  Where, as here, a plaintiff alleges a pattern and practice of failing to provide rest periods, a defendant may conservatively assume a 30% violation rate for the purpose of calculating the amount in controversy of a rest period claim.  *See, e.g., Bryant*, 284 F. Supp. 3d at 1151 (holding where Plaintiff alleged a "policy and practice" of rest period violations, "Defendant conservatively assumed the putative class members were not provided . . . three of ten rest periods they were entitled to receive each work week, even though assumption of a 100 percent violation rate may have been reasonable based on the allegations in the Complaint").  A conservative estimate for this claim is **$2,003,025.78**.  Assuming a 30% violation rate per putative class member per week (*i.e.* three (3) non-compliant rest periods per putative class member per week), this figure is arrived at by multiplying 34,902 workweeks by 3 hours of premium pay at the average hourly rate of $19.13 (*i.e.*, $19.13 per hour x 3 hours x 34,902 workweeks).

            c.      *Unpaid Overtime Wages.*  Plaintiff alleges that "[d]uring the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week."  Compl. ¶ 48.  Plaintiff further alleges that "[a]s a pattern and

DEFENDANT'S NOTICE OF REMOVAL

practice . . ., Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members" "at a rate of pay either time-and-one-half or two-times that person's regular rates of pay . . . ." Compl. ¶¶ 49, 44. Based on an estimate of even just one (1) hour of additional pay at an overtime rate per week, the amount in controversy for this claim is **$1,001,687.40**[4].

| Cause of Action | Amount in Controversy |
|---|---|
| Meal Period | $2,003,025.78 |
| Rest Period | $2,003,025.78 |
| Overtime | $1,001,687.40 |
| **TOTAL:** | $5,007,738.96 |

d.       *Amount in Controversy for Remaining Causes of Action.* The amount in controversy exceeds the $5,000,000 CAFA threshold, without taking into account Plaintiff's causes of action for (1) unpaid minimum wages in violation of Labor Code §§ 1194 and 1197; (2) failure to timely pay final wages in violation of Labor Code §§ 201 and 202; (3) failure to provide compliant wage statements in violation of Labor Code § 226(a); (4) failure to reimburse business expenses in violation of Labor Code §§ 2800 and 2802; and (5) unlawful business practices in violation of Business and Professions Code §§ 17200, *et seq*. Even though Defendant has not assigned any particular amount to these causes of action, assignment of any sum only further increases the amount in controversy well beyond $5,000,000.[5]

---

[4] Calculated at 34,902 (Approximate Workweeks in Liability Period) x 1 (Overtime Hour per Workweek) x $19.13 (Average Hourly Rate) x 1.5 (Overtime Rate) = $1,001,687.40 (Amount in Controversy).

[5] For example, of the putative class members, at least 120 terminated their employment with Alere on or after December 14, 2016. Johnson Declaration ¶ 3(d). Based on an estimate of 30 days continuing wages x 8 hours per day x $19.13/hour for 120 former employees, the amount in controversy for this claim is $550,944.

Moreover, in addition to workers employed directly by Alere, Plaintiff has defined the proposed class to include non-exempt employees hired through a labor contractor or staffing agency. Compl. ¶ 12. During the Class Period, contingent workers performed work for Alere within the state of California, totaling approximately 2,462 workweeks. Johnson Declaration ¶ 4. Although Alere does not presently calculate the amount in controversy taking into account potential claims by these contingent workers, doing so would further increase the amount in controversy well beyond the amounts calculated above.

DEFENDANT'S NOTICE OF REMOVAL

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California  90071

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071

1    e.    *Attorneys' Fees.*  Moreover, the foregoing estimate of the amount in

2  controversy does not include the attorneys' fees sought by Plaintiff.  When the underlying substantive

3  law provides for an award of attorneys' fees, a party may include that amount in their calculation of the

4  amount in controversy.  *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir.

5  2018) ("We conclude that if a plaintiff would be entitled under a contract or statute to future attorneys'

6  fees, such fees are at stake in the litigation and should be included in the amount in controversy.");

7  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Kroske v. U.S. Bank Corp.*, 432

8  F.3d 976, 979 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute,

9  as well as attorney's fees, if authorized by statute or contract.").  Plaintiff's Complaint requests

10  attorneys' fees in this action.  Applying the 25% attorneys' fee benchmark to the overtime claim alone

11  adds $250,421.85 to the amount in controversy in this case.  *See, e.g., Garibay v. Archstone Cmtys.*

12  *LLC*, 539 Fed. App'x 763, 764 (9th Cir. 2013) (establishing 25% benchmark award for attorneys' fees

13  for the purpose of calculating the amount in controversy).  Plaintiff may also recover attorneys' fees if

14  she prevails on her claims for unpaid minimum wages, inaccurate wage statements, and unreimbursed

15  business expense claim.  Labor Code §§ 226(e)(1), 1194(a), 2802(d).  Should there be any doubt as to

16  whether Alere has demonstrated the amount in controversy, Plaintiff's request for attorneys' fees, as

17  well as her other claims, should be included in analyzing the amount in controversy.

18    20.    **WHEREFORE**, Alere hereby removes this Action from the Superior Court of the

19  State of California, County of Alameda, to this Court, pursuant to CAFA.

20

21  DATED:  January 16, 2019          HUNTON ANDREWS KURTH LLP

22

23          By:  /s/ Michele J. Beilke
                 Michele J. Beilke

24               Julia Y. Trankiem
                 Jennifer A. Reith

25               Attorneys for Defendants
                 ALERE HOME MONITORING, INC.

26

27

28

DEFENDANT'S NOTICE OF REMOVAL